# MANEY & GONZÁLEZ-FÉLIX PC

HOUSTON | MEXICO DF

April 30, 2014

Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Republic of Iraq v. Secalt S.A., et al.*, 13-0618-cv
      (Fed. R. App. P. 28(j) letter citing supplemental authority)

Dear Ms. O'Hagan Wolfe:

This Court's opinion in *European Community v. RJR Nabisco, Inc.,* No. 11-2475-cv (Apr. 23, 2014)(slip op.), is pertinent to this matter.

For example, at page 48 of the Republic of Iraq's principal brief (Doc. 154), the Republic states: "Since the predicate acts in New York were necessary parts of the Defendants' scheme, the Republic's RICO claim is territorial." In. *RJR Nabisco*, this Court states:

- o   "[B]ecause Plaintiffs have alleged that all elements of the wire fraud, money fraud, and Travel Act violations were completed in the United States or while crossing U.S. borders, we conclude that the Complaint states domestic RICO claims based on violations of those predicates." *Id.* at *17.

- o   "If domestic conduct satisfies every essential element to prove a violation of a United States statute that does not apply extraterritorially, that statute is violated even if some further conduct contributing to the violation occurred outside the United States." Id. at *23.

The Republic also argues that argues that, "if a RICO claim raises predicate acts that are expressly extraterritorial, those predicate acts are not excised from RICO by the rule of construction set out in *Morrison* and *Norex*." (Doc. 204 at 28) In *RJR Nabisco*, this Court states:

Hon. Catherine O'Hagan Wolfe, April 30, 2014, page 2

- o "Congress manifested an unmistakable intent that certain of the 19 federal statutes adopted as predicates for RICO liability apply to extraterritorial conduct. …. Thus, when a RICO claim depends on violations of a predicate statute that manifests an unmistakable congressional intent to apply extraterritorially, RICO will apply to extraterritorial conduct, too, but only to the extent that the predicate would." *Id.* at *3.

- o "[T]he presumption against extraterritorial application of United States laws does not command giving foreigners carte blanche to violate the laws of the United States in the United States." *Id.* at *15.

The recent opinion is also relevant to the Republic of Iraq's argument made at pages 37-39 and 46-51 of its principal brief (Doc. 154) and pages 25-28 of the Republic's Reply Brief (Doc. 204).

In light of this new authority, the lower court's judgment should be vacated, and this action remanded.

Respectfully Submitted,

Mark Maney