# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Brant W. Bishop, P.C.
To Call Writer Directly:
(202) 879-5067
brant.bishop@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

May 9, 2014

**VIA CM/ECF**

Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Republic of Iraq v. Secalt S.A., et al.*, 13-0618-cv
      (Fed. R. App. P. 28(j) letter citing supplemental authority)

Dear Ms. O'Hagan Wolfe:

Iraq's contention that *European Community v. RJR Nabisco, Inc.*, No. 11-2475-cv (Apr. 23, 2014), supports vacatur is erroneous.

First, nothing in *European Community* alters the analysis, set forth by Defendants, that the conduct Iraq alleged is "primarily foreign." *See* Dkt. 198 at 35-46. The Court did not overrule *Norex Petroleum Ltd. v. Access Industries, Inc.*, 631 F.3d 29 (2d Cir. 2010), which affirmed the dismissal of a RICO claim against domestic defendants predicated in part on extraterritorial money laundering and Travel Act allegations. Nor did *European Community* alter the *Norex* analytical framework for assessing a RICO claim's territoriality. Both *Norex* and *European Community* necessitate dismissal of Iraq's RICO claim.

Second, Iraq concedes that RICO lacks extraterritorial reach regarding mail fraud, wire fraud, and Travel Act predicates, but notes that under *European Community*, a RICO claim can nonetheless be based on a predicate act lacking extraterritorial reach when all elements of the predicate were "completed inside the United States." Dkt. 248 at 1. That is irrelevant here because Iraq did not allege that all elements of any predicate acts were completed domestically. Indeed, Iraq itself alleged the relevant "scheme"—an element of mail and wire fraud, *United States v. Dinome*, 86 F.3d 277, 283 (2d Cir. 1996)—was designed by Hussein in Iraq. *See* A-74 ¶ 4, A-126 ¶¶ 354-57, A-127 ¶¶ 362-64, A-163 ¶ 524. And Iraq concedes that its Travel Act claims are premised on extraterritorial activities. *See* Dkt. 204 at 26.

## KIRKLAND & ELLIS LLP

Hon. Catherine O'Hagan Wolfe
May 9, 2014
Page 2


Third, Iraq has not "raise[d] predicate acts that are expressly extraterritorial" within the meaning of *European Community*. *See* Dkt. 248 at 1. The *only* predicate act that Iraq previously argued had extraterritorial effect was the Travel Act. *See* Dkt. 154 at 50-51. *European Community* specifically considered the extraterritorial reach of the Travel Act and concluded that it has none. *See* slip op. at 20. As noted, Iraq concedes this issue.

Defendants submit that the district court's dismissal should be affirmed based on extraterritoriality grounds, as well as the independent *in pari delicto*, standing, and causation grounds set forth in Defendants' brief. *See* Dkt. 198 at 13-35.


Sincerely,

/s/ Brant W. Bishop, P.C.

Brant W. Bishop, P.C.